* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission hereby vacates the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Plaintiff sustained an injury at work on November 3, 1998.
2. Defendants prepared an I.C. Form 60 on December 8, 1998 accepting liability for Plaintiff's back injury which was scanned into the Commission's electronic file on April 8, 1999. Plaintiff received benefits pursuant to the North Carolina Workers' Compensation Act since the time of the filing of the Form 60.
3. On June 30, 2003, the Commission ordered plaintiff to comply with medical treatment and vocational rehabilitation efforts.
4. Defendants filed a Motion on February 4, 2004 to hold plaintiff in contempt for failure to comply with the June 30, 2003 Order.
5. By Order filed on February 9, 2004, Chief Deputy Commissioner Gheen granted defendants' Motion to Show Cause. Pursuant to this February 9, 2004 Show Cause Order, the contempt hearing was set for February 25, 2004. Prior to the hearing, plaintiff filed a Motion to continue the Show Cause hearing, as she had relocated to New York and did not want to travel to North Carolina for the February 25, 2004 hearing and again on March 25, 2004 for evidentiary hearing on the Form 24, which was docketed before Deputy Commissioner Chrystal Redding Stanback. In the interest of judicial economy and upon consultation with Deputy Commissioner Stanback, the Show Cause hearing was rescheduled for March 25, 2004 prior to the Form 24 hearing.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 34 years old.
2. Plaintiff sustained an admittedly compensable injury at work on November 3, 1998.
3. On April 1, 2004 Deputy Commissioner Lorrie L. Dollar entered an Opinion and Award holding plaintiff in contempt for willful violation of the June 30, 2003 Order of the Commission requiring plaintiff to comply with medical treatment and vocational rehabilitation and the February 9, 2004 Order granting defendants' Motion to Show Cause and ordered plaintiff to pay defendants' attorney fees.
4. In her Opinion and Award filed April 1, 2004 Deputy Commissioner Dollar found that plaintiff willfully violated the June 30, 2003 Order by the Commission, constituting unfounded litigiousness; however, in Deputy Commissioner Dollar's Opinion there were no findings as to whether plaintiff was able to comply with the June 30, 2003 Order.
5. Plaintiff gave notice of appeal and moved the Full Commission for a stay of the Contempt Order. Commissioner Pamela T. Young denied plaintiff's request for a stay.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff's failure to comply with an Order of the North Carolina Industrial Commission is a continuing civil contempt if (1) the order remains in force, (2) the purpose of the order may still be served by compliance with the order, (3) the noncompliance by the person to whom the order is directed is willful, and (4) the person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order. N.C. Gen. Stat. § 5A-21.
2. Defendants have the burden of proof to show plaintiff is in contempt. N.C. Gen. Stat. § 5A-23(a1).
3. The April 1, 2004 Opinion and Award by Deputy Commissioner Dollar holding plaintiff in contempt did not present specific findings for or against the plaintiff on each of the elements required under N.C. Gen. Stat. § 5A-21(a) in accordance with N.C. Gen. Stat. § 5A-23(e).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
 1. The Opinion and Award by Deputy Commissioner Dollar filed April 1, 2004 holding plaintiff in contempt is hereby vacated.
 2. Defendants' Motion to Show Cause and hold plaintiff in contempt is held in abeyance until further evidence is presented and findings are made regarding plaintiff's ability to comply with the June 30, 2003 Order compelling plaintiff to comply with medical treatment and vocational rehabilitation.
This the 3rd day of October, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER